81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cresencia B. TORTUYA; Cristeta Tortuya, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-16998.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1996.
Decided March 22, 1996.
 
 Before: SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cresencia B. Tortuya and Cristeta Tortuya, the wife and mother of deceased Gene Tortuya, appeal the district court's judgement for the United States, following a bench trial. The suit, a wrongful death action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, claimed that two psychiatrists at the Palo Alto Veterans Administration Medical Center (VAMC) negligently treated Gene Tortuya's mental illness, causing his suicide on June 19, 1989.
 
 
 3
 Mr. Tortuya had been treated as an outpatient at VAMC. His sudden suicide occurred in the late evening after he had returned to the clinic and met with his psychiatrist, Dr. Wittner, earlier in the day. Approximately eight days earlier he had met with another psychiatrist, Dr. Gulevich. Neither doctor had concluded or indicated on his chart that Tortuya was potentially suicidal. Plaintiffs' claim is that the doctors were negligent in failing to inquire further into possible suicidal tendencies and document them.
 
 
 4
 The district court conducted a bench trial over a five-day period. The principal conflicts in the evidence were among the experts as to the standard of care. The district court resolved these conflicts in favor of the defendant, holding that under the prevailing standard of care, the psychiatrists were not required to ask specific questions concerning suicide at these visits because such questioning might exacerbate rather than alleviate the risk of suicide.
 
 
 5
 Our standard of review in such circumstances is highly deferential, and we are not in a position to overturn the judgment of the district court unless we conclude that its findings were clearly erroneous. Fed.R.Civ.P. 52; Exxon Co. v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir.), cert. granted, 116 S.Ct. 493 (1995). We cannot say that the district court's findings in this case were clearly erroneous.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3